UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00 - 0310 CR-MORENO

Case No. _____

18 USC 371        MAGISTRATE JUDGE
DUBÉ

UNITED STATES OF AMERICA

v.

BERNARDO CARDOSO and
JACK WEITZMAN,

           Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### CONSPIRACY TO COMMIT BANK FRAUD

From in or about early June, 1999, and continuing through on or about June 29, 1999, at

Miami, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants

BERNARDO CARDOSO and
JACK WEITZMAN,

did knowingly and willfully combine, conspire, confederate and agree with each other and with

others known and unknown to the Grand Jury, to commit an offense against the United States,

namely, to knowingly and willfully execute a scheme and artifice to defraud and to obtain monies

and funds under the custody and control of First Indiana Bank, a federally-insured financial

institution, by means of false and fraudulent pretenses, representations and promises, in violation of

Title 18, United States Code, Section 1344.



PURPOSE AND OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for defendants to unjustly enrich themselves and to obtain monies and funds from First Indiana Bank through deception by causing First Indiana Bank to issue a mortgage loan in reliance on a false loan application package and title commitment.

MANNER AND MEANS

The manner and means by which the unlawful conspiracy and scheme to defraud were accomplished included the following:

1.     Defendant BERNARDO CARDOSO discovered a property located at 10251 N.W. 36th Street, Coral Springs, Florida (hereinafter the "property") for sale at a price of approximately $142,000, which he could in turn sell for a profit.

2.     In order to finance both the purchase of the property for $142,000 and the subsequent sale, without any down payment having to be made, defendant BERNARDO CARDOSO caused numerous false statements to be made to First Indiana Bank.

3.     Defendant BERNARDO CARDOSO caused an individual (hereinafter the "applicant") to submit a loan application package to First Indiana Bank for the purchase of the property. The loan application package falsely indicated that the applicant was purchasing the property for a price of $180,000, from an individual who did not even own the property, and that the applicant intended to provide a down payment of $18,000.

4.     Defendant JACK WEITZMAN thereafter created a false title commitment in the name of the individual who did not own the property, which title commitment defendants BERNARDO CARDOSO and JACK WEITZMAN caused to be provided to First Indiana Bank.

-2-

5.      In reliance on the false loan application package and title commitment, First Indiana Bank issued to the applicant a mortgage loan for $162,000, which represented 90% of the purported purchase price of $180,000, and sent a check for $161,889.80 to defendant JACK WEITZMAN, acting as the closing agent.

6.      At the closing, $142,000 of the loan proceeds was used to purchase the property from the true owner. The remainder, after payment of closing costs, was paid to defendant BERNARDO CARDOSO and his wife. Unbeknownst to First Indiana Bank, the applicant received 100% financing for the property.

7.      Defendant JACK WEITZMAN thereafter created, and provided to First Indiana Bank, closing statements that falsely indicated that the applicant had made an $18,000 down payment on the property, when in truth and in fact the applicant had made no down payment.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, there were committed by at least one of the co-conspirators herein, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.      In or about early June 1999, at a meeting between defendants BERNARDO CARDOSO and JACK WEITZMAN, defendant CARDOSO asked defendant WEITZMAN to act as the closing agent on certain real estate deals.

2.      In or about mid-to-late June 1999, defendant BERNARDO CARDOSO asked defendant JACK WEITZMAN to issue a title commitment indicating that a certain person owned the property as of a date prior to that person actually owning the property.

-3-

3.	In or about mid-to-late June 1999, defendant JACK WEITZMAN issued a false title commitment indicating that a certain person owned the property as of a date prior to that person actually owning the property.

4.	In or about mid-to-late June 1999, defendants BERNARDO CARDOSO and JACK WEITZMAN caused the title commitment to be sent to First Indiana Bank, in support of a mortgage loan application regarding the property.

5.	On or about June 25, 1999, defendants BERNARDO CARDOSO and JACK WEITZMAN caused First Indiana Bank to send a check for $161,889.80 to defendant JACK WEITZMAN, which check represented the proceeds of a mortgage loan regarding the property.

6.	On or about June 28, 1999, at Hialeah, Florida, defendant BERNARDO CARDOSO attended a closing on the property.

7.	On or about June 29, 1999, defendants BERNARDO CARDOSO and JACK WEITZMAN caused to be issued from said mortgage loan proceeds a check for $5,000 to defendant BERNARDO CARDOSO's wife, and a check for $5,172 to defendant BERNARDO CARDOSO.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

HUGO L. BLACK III
ASSISTANT UNITED STATES ATTORNEY

-4-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA   CASE NO. 00 - 0310 CR-MORENO

v.

Bernardo Cardoso
Jack Weitzman

## CERTIFICATE OF TRIAL ATTORNEY*

MAGISTRATE JUDGE
DUBÉ

**Superseding Case Information:**

New Defendant(s)          Yes _____   No _____
Number of New Defendants          _____
Total number of counts          _____

**Court Division:** (Select One)

__X__ Miami   _____ Key West
_____ FTL   _____ WPB _____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No) _____ No _____
     List language and/or dialect _____

4.   This case will take _10_ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | X | Minor | |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _____ |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No) No
     If yes:
     Judge: _____   Case No. _____
     (Attach copy of dispositive order)

     Has a complaint been filed in this matter?   (Yes or No) Yes
     If yes:
     Magistrate Case No. _____ 00-2523-Turnoff _____
     Related Miscellaneous numbers: _____
     Defendant(s) in federal custody as of _____ No _____
     Defendant(s) in state custody as of _____ No _____
     Rule 20 from the _____   District of _____

     Is this a potential death penalty case? (Yes or No) _____ No _____

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes __ No

HUGO L. BLACK III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0053074

*Penalty Sheet(s) attached

REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

00 - 0310 CR-MORENO

MAGISTRATE JUDGE
DUBÉ

Defendant's Name:   Bernardo Cardoso _____ No.: _____

Count #:    1  -  18 U.S.C. § 371  -  Conspiracy to Commit Bank Fraud

_____

_____

_____

*Max. Penalty:  Maximum imprisonment of 5 years; fine of $250,000.

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

Count #:

_____

_____

*Max. Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
PENAL SHEET

00-0310 CR-MORENO

MAGISTRATE JUDGE
DUBÉ

Defendant's Name:   Jack Weitzman          No.:

Count #:    1  -  18 U.S.C. § 371  -  Conspiracy to Commit Bank Fraud

_____

_____

_____

*Max. Penalty:   Maximum imprisonment of 5 years; fine of $250,000.

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

GRAND JURY NO. *01-E0SQ002*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-2523-WCT

UNITED STATES OF AMERICA,

vs.

Bernardo Cardoso

FILED by ___ D.C.
MAG. SEC.
APR 17 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

_____

        This cause came before the Court and pursuant to proceedings

held, it is thereupon

        **ORDERED AND ADJUDGED** as follows:

        Upon request of the parties, and good cause being shown, the

_Preliminary / Arraignment_ is hereby reset to

_April 18, 2000_ at _2:00 p.m._

before the Duty Magistrate Judge.

        **DONE AND ORDERED** at Miami, Florida this ___17th___ day of

_April_ , _2000_.

TAPE NO: _00-30-215_

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _00-2523-WCT_

UNITED STATES OF AMERICA,

FILED by _____ D.C.
MAG. SEC.

APR 17 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

v.

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

_BERNARDO CAPRIO_                :

COMES NOW _JOSEPH S. ROSENBAUM PA_, and files this appearance as counsel for the above named defendant(s). Counsel agrees to represent the defendant(s) for all proceedings arising out of the transaction with which the defendant(s) is presently charged in the United States District Court in and for the Southern District of Florida.

Counsel hereby states that this appearance is unconditional and in conformity with the requirements of Local General Rule 11.1(D) and Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys

Counsel acknowledges responsibility to advise the defendant(s) of the right of appeal, to file a timely notice of appeal if requested to do so by the defendant(s), and to pursue that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _4/17/00_

Attorney _JOSEPH S. ROSENBAUM_
Address _2700 S DIXIE HWY #105_
City _MIAMI_ State _FL_ Zip _33133_
Telephone _305 858-7377_
Florida Bar No. _246206_

The undersigned defendant(s) hereby consent(s) to the representation of the above counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-2523-Turnoff

UNITED STATES OF AMERICA

v.

BERNARDO CARDOSO,

Defendant.
_____/

**ORDER GRANTING JOINT GOVERNMENT AND DEFENSE MOTION TO
CONTINUE PRELIMINARY HEARING AND ARRAIGNMENT**

This case has come before the Court upon the Joint Government and Defense Motion to

Continue Preliminary Hearing and Arraignment. The Court being fully advised in the premises, it

is hereby

ORDERED AND ADJUDGED that the motion is **GRANTED**. The preliminary hearing

and arraignment shall be held on April 17, 2000, at 10 A.M.

DONE AND ORDERED in Miami-Dade County, Florida, on this ___ day of _April_

2000.

PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

cc  Hugo Black, AUSA
    Joseph Rosenbaum, Esq.

04/04/00  TUE 15:34 FAX 305 530 8168    ECONOMIC CRIMES    ☒002

HLB/hlb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-2523-Turnoff

UNITED STATES OF AMERICA

v.

BERNARDO CARDOSO,

                Defendant.

_____/



FILED by ___ D.C.
MAG. SEC.

APR 0 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## JOINT GOVERNMENT AND DEFENSE MOTION TO CONTINUE PRELIMINARY HEARING AND ARRAIGNMENT

The United States of America and defendant Bernardo Cardoso jointly file this motion to continue the preliminary hearing and arraignment in this matter, presently scheduled for Monday, April 10, 2000, at 10 A.M. The parties ask that the preliminary hearing and arraignment in this

matter be continued until April 17, 2000. The parties seek this continuance to allow time for more

discussion between the parties prior to the preliminary hearing and arraignment.

Respectfully submitted,

By:_____
JOSEPH ROSENBAUM
2400 South Dixie Highway, Suite 105
Miami, Florida 33133-3141
(305) 858-7377
Fax: (305) 858-7299

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By:_____
HUGO L. BLACK III
Assistant United States Attorney
Florida Bar Number 0053074
99 N.E. 4th Street, # 600
Miami, FL 33132-2111
(305) 961-9028
Fax: (305) 530-6168
E-mail: hugo.black@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: __00-2523-TURNOFF_____

UNITED STATES OF AMERICA,

vs.

BERNARDO CARDOSO

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

        The above named defendant having appeared before the Court and
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel_____
        appeared in open court and is noted as permanent
        counsel of record.

_____ The defendant requested Court appointed counsel, was
        found eligible, and counsel will be appointed by
        separate order.

_____ The defendant requested Court appointed counsel but
        was found ineligible, and shall appear before the
        Court on _____
        at 10:00 a.m. to report regarding his/her further
        efforts to retain counsel, unless counsel notices a
        permanent appearance before that date.

   X
___/___ The defendant requested further time to retain
        counsel and shall appear before the Court on
        ____4-11-00_____ at 10:00 a.m. to report
        regarding his/her further efforts to retain counsel,
        unless counsel notices a permanent appearance before
        that date.

        **DONE AND ORDERED** at Miami, Florida this _____day
of _____APRIL_____, 20_00_.

TAPE NO.00E-21-2073

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    PETER R. PALERMO

c: AUSA
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

FILED by _____ D.C.
MAG. SEC. _____  CASE NO. _00-2523-Turnoff_

MAR 30 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

UNITED STATES OF AMERICA,

v.

*Bernardo Cardoso*
_____

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW *JOSEPH S. ROSENBAUM* _____ and

files this **temporary** appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** *JOSEPH S. ROSENBAUM*

Counsel's Signature _____

Address *24__ S. DIXIE Hwy # 105*
        *MIAMI, FL*       ZIP CODE: *33133*

Telephone *(305) 858 7577*

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _00-2523-Turnoff_

UNITED STATES OF AMERICA

      Plaintiff,

v.

BERNARDO CARDOSO
      Defendant.

FILED by _____ D.C.
MAG. SEC.

MAR 3 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

**ORDER ON INITIAL APPEARANCE**

Language _English_
Tape No. 00G _38-050_
AUSA _Hugo Black_
Agent FBI/JAY BERNARDO
      305 944-9101
DOB 12/10/65      #60489-004

    The above-named defendant having been arrested on___3/29/00_____having appeared
before the court for initial appearance on ____3/30/00_____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _Joe Rosenbaum_ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _April 4_____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _April 10_, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 **(d)** or **(f)**
   because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142.
   _$150,000 cs w/neb (Detention hearing held)_

    This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
__a. Surrender all passports and travel document to the Pretrial Services Office.
__b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____
__c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
   substances prohibited by law.
__d. Maintain or actively seek full time gainful employment.
__e. Maintain or begin an educational program.
__f. Avoid all contact with victims of or witnesses to the crimes charged.
__g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
__h. Comply with the following curfew: _____
__I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminal

## BERNARDO CARDOSO

___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                On Warrant _____
                After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>30TH</u> day of ___ <u>MARCH</u> , 2000.

_____
WILLIAM C. TURNOFF
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
    Defendant
    Counsel
    U.S. Marshal
    Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
*Southern District of Florida*

UNITED STATES OF AMERICA          )     Case Number:  CR 00-2523-TUENOA
                       Plaintiff )
                                  )
          -VS-                    )     REPORT COMMENCING CRIMINAL
                                  )             ACTION
Bernardo Cardoso                  )
          Defendant               )        60489-004
                                       USMS NUMBER

*************************************************************

TO:  Clerk's Office   ( MIAMI )   FT. LAUDERDALE   W. PALM BEACH
     U.S. District Court          FT. PIERCE
                         (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE.

*************************************************************

FILED BY _____ MAGE SEC. _____ D.C.

MAR 3 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)   Date and Time of Arrest: 7/29/00  6:45      am/(pm)

(2)   Language Spoken: English + Spanish

(3)   Offense(s) Charged: Wire Fraud

(4)   U.S. Citizen    [✓] Yes    [ ] No   [ ] Unknown

(5)   Date of Birth: 12-10-65

(6)   Type of Charging Document:  (check one)
      [ ] Indictment   [✓] Complaint to be filed/already filed
      Case#_____

      [ ] Bench Warrant for Failure to Appear
      [ ] Probation Violation Warrant
      [ ] Parole Violation Warrant

      Originating District: _____

      COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ]YES   [ ]NO

Amount of Bond: $_____
Who set Bond: _____

(7)   Remarks: _____

(8)   Date: 3/24/00     (9) Arresting Officer: Jay Bernardo

(10)  Agency: FBI                    (11) Phone: (305) 944-6101

(12)  Comments: _____

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

SOUTHERN     **DISTRICT OF**     FLORIDA

UNITED STATES OF AMERICA

V.

BERNARDO CARDOSO

**WARRANT FOR ARREST**

CASE NUMBER: 00-2523-WCT

FILED by _____ D.C.
MAG. SEC.

MAR 29 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ BERNARDO CARDOSO _____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

devising a scheme and artifice to defraud, and for obtaining money and
property by means of false and fraudulent pretenses, representations,
or promises (wire fraud),

in violation of Title _____ 18 _____ United States Code, Section(s) _____ 1343 and 2 _____

William C. Turnoff
Name of Issuing Officer

Signature of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

5/2/2000
Date and Location

Bail fixed at $ _____ P. T. D. _____

by _____
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

UNITED STATES OF AMERICA

**V.**

BERNARDO CARDOSO

(Name and Address of Defendant)

FILED by _____ D.C.
MAG. SEC.

MAR 2 9 2000

CLARENCE MADDOX
S.D. OF FLA.   MIAMI

## CRIMINAL COMPLAINT

CASE NUMBER: CO-2523-WCT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _____ May 15, 1998 _____ in _____ Miami-Dade _____ county, in the

_____ Southern _____ District of _____ Florida _____ defendant(s) did, (Track Statutory Language of Offense)

devise a scheme and artifice to defraud, and for obtaining money and property by means of false
and fraudulent pretenses, representations, or promises (wire fraud),

in violation of Title ____ 18 ____ United States Code, Section(s) ____ 1343 and 2 ____.

I further state that I am a(n) _____ Special Agent, FBI, _____ and that this complaint is based on the following

Official Title

facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

John J. Bernardo, Special Agent, FBI

Signature of Complainant

Sworn to before me and subscribed in my presence,

3/29/2000
Date

at

Miami, Florida
City and State

William C. Turnoff
United States Magistrate Judge

Name & Title of Judicial Officer

Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, John J. Bernardo, being duly sworn, depose and say as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since March, 1999.  I am currently assigned to the Miami Field Office of the FBI and my duties include, among other things, the investigation of financial institution fraud and wire fraud. I submit this affidavit based on information known to me personally from investigation, as well as obtained from others who have investigated the matter and/or have personal knowledge of the facts herein.

2.      This affidavit is being submitted in support of a complaint.  As such, this affidavit does not list all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the complaint.

3.      I have conducted an investigation into subject BERNARDO CARDOSO's acquisition of the townhouse located at 3915 N.W. 207th Road, Miami, Florida 33055 (the "Property"). My investigation has determined that subject BERNARDO CARDOSO obtained the Property pursuant to an illegal "land flip" scheme he devised, in violation of the law prohibiting wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

4.      An illegal land flip occurs when a person attempts to obtain financing for property in a name other than his own. Such an illegal land flip commonly involves two transactions structured as follows: One transaction ("Transaction One") involves the sale of a property by the original owner of the property to a middleman for a certain price (the "Original Price"). The other transaction ("Transaction Two") involves the middleman's sale of the property to a straw buyer at a price higher than the Original Price (the "Inflated Price"). Whoever is setting up the fraudulent land flip scheme causes a title agent to issue a title commitment stating that the middleman owns the property as of a

date prior to the date the middleman is scheduled to purchase the property from the original owner. Whoever is setting up the fraudulent land flip scheme also causes the title agent to send that title commitment to a mortgage lender to entice the issuance of a mortgage to the straw buyer, covering Transaction Two. The lender then relies upon the fraudulent title commitment in issuing a mortgage to the straw buyer. Some of the proceeds of that mortgage loan intended solely to cover Transaction Two are instead used to settle Transaction One with the original owner. Because of the difference between the Inflated Price and the Original Price, a portion of the proceeds of the mortgage loan are available for retention and are obtained by whoever is setting up the fraudulent land flip scheme. Sometimes, the straw buyer then deeds the land back to the scheme's organizer, or simply defaults on the loan.

5.      CARDOSO orchestrated one such illegal land flip scheme commencing in early 1998 regarding the Property. In or about February 1998, CARDOSO agreed with a straw buyer that CARDOSO would pay the straw buyer $2,000 in exchange for the straw buyer acting as a buyer of the Property from CARDOSO.

6.      On March 28, 1998, CARDOSO entered into a contract with the original owner of the Property, in which the original owner agreed to sell the Property to CARDOSO for $42,450 ("Transaction A").

7.      On March 30, 1998, prior to CARDOSO having obtained the Property from the original owner, CARDOSO entered into a contract to sell the Property to the straw buyer for $70,000 at a future date ("Transaction B").

8.      On March 10, 1998 , a mortgage lender conditionally approved the straw buyer's loan application for a $56,000 mortgage loan collateralized by the Property.

-2-

9.      On or about April 9, 1998, CARDOSO engaged a title agency as the settlement agent to close both Transactions A and B.

10.     On or about April 9, 1998, CARDOSO told an employee of the title agency to issue a title commitment that identified CARDOSO as the vested owner of the Property as of April 1, 1998, when in truth and in fact he was not the vested owner of the Property.

11.     The title agency then issued a phony title commitment that by its terms stated that CARDOSO was the vested owner of the Property as of April 1, 1998.

12.     On or about April 9, 1998, the Title Agency forwarded to the lender the phony title commitment referred to above.

13.     Based on the phony title commitment, the lender was misled into believing CARDOSO owned the Property, and considered to be satisfied the condition of the straw buyer's loan requiring a title commitment identifying CARDOSO as the vested owner of the Property.

14.     On May 7, 1998, the original owner deeded the Property to CARDOSO based on the above-referenced sale contract for Transaction A.

15.     On May 14, 1998, CARDOSO deeded the Property to the straw buyer based on the above-referenced sale contract for Transaction B.

16.     On May 15, 1998, the lender wired $54,998.57 from Minneapolis, Minnesota to the title agency's account at a bank in Miami, Florida, representing the loan proceeds for Transaction B. The lender received documentation falsely stating that the straw buyer had put up the remaining difference between the $70,000 purchase amount and the loan proceeds of $54,998.57

-3-

17.     From those proceeds, the Title Agency, on CARDOSO's behalf, paid the original owner a total of $38,507.48, the difference between the $42,450 purchase price and the original owner's closing costs.

18.     Also from those loan proceeds, the Title Agency paid CARDOSO a total of $9,613.34, which was available because of the difference between the prices for the Property reflected in Transactions A and B, after settlement costs.

19.     At some point the straw buyer by quitclaim deed transferred the Property to CARDOSO.

20.     Ultimately the straw buyer defaulted on the loan for the Property

21.     On February 24, 2000, I spoke with a person who was the Vice-President of the lender when the lender made the loan to the straw buyer. That person told me that had the lender known that the title commitment was false, i.e., that CARDOSO was not the vested owner of the Property as of April 1, 1998 and that CARDOSO was actually purchasing the property for $42,450 rather than the straw buyer purchasing the Property for $70,000, the lender would not have approved the loan to the straw buyer.

22.     Based on the above information, probable cause exists to believe that on or about May 15, 1998, BERNARDO CARDOSO did, having devised a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, cause to be transmitted by means of wire communication in interstate commerce, writings,

signs, signals, pictures, or sounds for the purpose of executing such scheme and artifice, in violation

of Title 18, United States Code, Section 1343 and 2.

FURTHER AFFIANT SAYETH NOT.

 

John J. Bernardo
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to
before me this _____ day
of March, 2000, at Miami, Florida.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

-5-

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No. _CO-2525-WCT_

UNITED STATES OF AMERICA

vs.

BERNARDO CARDOSO

        Defendant

_____/

## CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  _____ Yes   _X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  ____Yes   _X__ No

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____

HUGO L. BLACK III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 0053074
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9028
FAX (305) 530-6168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. CO-2523-WCT

UNITED STATES OF AMERICA,

v.

BERNARDO CARDOSO,

Defendant.
_____/

FILED by _____ D.C.
MAG. SEC.

MAR 2 9 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## ORDER TO SEAL COMPLAINT, COMPLAINT AFFIDAVIT, AND ARREST WARRANT

### FILED UNDER SEAL

This cause came before the Court on the government's Motion to Seal Complaint, Complaint Affidavit, and Arrest Warrant. This Court being fully apprised of the facts hereby FINDS:

The government has shown good cause for its request to seal the Complaint and Complaint Affidavit filed in this case, any Arrest Warrant issued thereupon, the government's Motion to Seal Complaint, Complaint Affidavit, and Arrest Warrant, and this Order, in that public disclosure of these documents and the information contained therein would compromise an ongoing criminal investigation.

THEREFORE, IT IS HEREBY ORDERED that the government's motion is granted, and the Complaint and Complaint Affidavit filed in this case, any Arrest Warrant issued thereupon, the government's Motion to Seal Complaint, Complaint Affidavit, and Arrest Warrant, and this Order shall be sealed until further Order of this Court.

DONE AND ORDERED this _____ day of March, 2000

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc:     Hugo L. Black III, AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. CC-2523-WCT

FILED by _____ D.C.
MAG. SEC.

MAR 29 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA,

v.

BERNARDO CARDOSO,

Defendant.
_____/

## GOVERNMENT'S MOTION TO SEAL COMPLAINT, COMPLAINT AFFIDAVIT, AND ARREST WARRANT

### FILED UNDER SEAL

The United States of America, by and through the undersigned Assistant United States Attorney, moves this court to seal the Complaint and Complaint Affidavit filed simultaneously herewith, any Arrest Warrant issued pursuant thereto, this motion, and any order resulting from this motion. In support of this motion, the government states the following:

The Complaint and Complaint Affidavit contain sensitive information the disclosure of which would compromise an ongoing criminal investigation. Disclosure of any Arrest Warrant issued pursuant thereto also would compromise the investigation.

WHEREFORE, the United States respectfully requests that the Government's Motion to Seal Complaint, Complaint Affidavit, and Arrest Warrant be granted, and that the Complaint and

Complaint Affidavit, any Arrest Warrant issued pursuant thereto, this motion, and any order resulting

from this motion be sealed until further order of this Court.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY


By: _____

HUGO L. BLACK III
Assistant United States Attorney
Florida Bar Number 0053074
99 N.E. 4th Street, # 600
Miami, FL 33132-2111
(305) 961-9028
Fax: (305) 530-7976
E-mail: afls02.po.hblack@usdoj.gov

Dated: March 29, 2000